# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARKLESS, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC POWER AND LIGHT, et al., <br><br> Defendants. | No. 2:18-CV-2903-TLN-DMC <br><br><br> ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is plaintiff's motion to deem requests for admissions admitted and for sanctions. See ECF No. 29. The motion was heard on February 19, 2020, before the undersigned in Redding, California. Cathleen Barr, Esq., and Brandon Storment, Esq., appeared for plaintiff. Ana Reeg, Esq., appeared for defendant PacifiCorp (erroneously sued as Pacific Power and Light and hereinafter referred to as "defendant"). After hearing the parties' argument, the matter was submitted.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. PLAINTIFF'S ALLEGATIONS

This action was initiated in the Siskiyou County Superior Court and removed to this Court by defendant. See ECF No. 1 (notice of removal). Defendant invokes the Court's diversity jurisdiction because plaintiff is a citizen of California, defendant is an Oregon corporation with its headquarters in Oregon, and the amount in controversy exceeds $75,000.00. See id. at 2-3; see also 28 U.S.C. § 1332(a).

Plaintiff alleges that he was hired by defendant in January 2005 as a lineman. See id. at 7 (Exhibit A to notice of removal, plaintiff's complaint filed in state court). Plaintiff states he was discharged in October 2014. See id. According to plaintiff, he was injured on the job on December 30, 2011, and was off work for approximately a year, returning on December 20, 2012. See id. at 8. Plaintiff states that he returned to work "with some minor restrictions that required incidental accommodation." Id.

Next, plaintiff states:

> During the course of 2013 and 2014, Plaintiff became involved in a union grievance that was still ongoing at the time of his termination. The termination happened on October 23, 2014, without warning and not as a result of some incident. Plaintiff was simply informed that his employer was not willing to accommodate any job restrictions even though by that time Plaintiff could perform all parts of his duties except climbing polls [sic], something linemen are rarely called upon to do in this day and age.

Id.
Plaintiff states he filed a timely complaint with California's Department of Fair Employment and Housing (DFEH) on May 27, 2015, and that DFEH sent him a right-to-sue letter on July 19, 2016. See id.

Based on these allegations, plaintiff asserts the following legal claims:

| | | |
|---|---|---|
| Claim I | | Discrimination based on physical disability and failure to engage in the interactive process in violation of California Gov't Code § 12940(m). |
| Claim II | | Failure to reasonably accommodate in violation of California Gov't Code § 12940(m). |
| Claim III | | Disparate treatment based on physical disability in violation of California Gov't Code § 12940(a). |

///

| | |
|---|---|
| 1 | Claim IV     Retaliation in violation of California Gov't Code § 12940(h). |
| 2 | Claim V     Wrongful termination in violation of public policy. |

See ECF No. 1, pgs. 8-15.

## II. SUMMARY OF DISCOVERY DISPUTE

The current discovery dispute concerns plaintiff's requests for admissions, set two. Plaintiff served requests for admissions, set two, on October 2, 2019. See ECF No. 35, pgs. 13-19 (Exhibit A to the declaration of Claire Weglarz, Esq., filed in opposition to plaintiff's motion). On November 1, 2019, defendant served responses consisting of boilerplate objections. On January 17, 2020, defendant served further responses to plaintiff's requests for admissions, set two. See Id. at 25-42 (Exhibit D to the declaration of Claire Weglarz, Esq., filed in opposition to plaintiff's motion).

Plaintiff's motion, which was filed January 17, 2020 – the same day defendant's served further responses – challenges the sufficiency of defendant's November 1, 2019, initial responses.

## III. DISCUSSION

Requests for admissions are governed by Federal Rule of Civil Procedure 36. Under Rule 36, a responding party must admit or deny a request for admission, see Fed. R. Civ. P. 36(a)(4), or the responding party may object, see Fed. R. Civ. P. 36(a)(5). If a matter is not admitted, the responding party's answer must specifically deny the admission or state in detail why it cannot admit or deny. See Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. When a responding party objects, "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5). A response must be signed by either the party or its attorney. See Fed. R. Civ. P. 36(a)(3) (underlining added).

3

1         Under Rule 36(a)(6), the requesting party may move to determine the sufficiency of an answer or objection. See Fed. R. Civ. P. 36(a)(6). If the court finds an objection unjustified, it must order the responding party to answer. See id. If the court finds that an answer does not satisfy Rule 36(a)(4), "the court may order either that the matter is admitted or that an amended answer be served." Id. (emphasis added).

        Federal Rule of Civil Procedure 37(a)(5) applies to an award of expenses. See id.

        In the instant motion, plaintiff challenges defendant's initial responses served on November 1, 2019, which, as plaintiff states, contains only boilerplate objections. The matter, however, appears now to be moot given defendant's further responses served on January 17, 2020, which answers each of the requests for admissions.

        In his reply brief, plaintiff argues that defendant "does not attempt to defend its non-responses to discovery." ECF No. 39, pg. 1. This is understandable given that defendant served further responses in which it answered plaintiff's requests for admissions. Plaintiff also argues in his reply brief that, despite service of further responses by defendant, sanctions are still warranted because "defendant did not attempt to respond to discovery until after the motion was filed." Id. at 2. The Court agrees with this latter point.

        As indicated above, Rule 37(a)(5)'s provision regarding awarding expenses applies to motions under Rule 36. See Fed. R. Civ. P. 36(a)(6). Under Rule 37(a)(5), the court must award reasonable expenses to the moving party if its motion is granted or if discovery was provided after its motion was filed. See Fed. R. Civ. P. 37(a)(5). Under the spirit of this rule, the moving party is entitled to recover its expenses where it is forced to file a discovery motion in order to obtain discovery. While the record in this case reflects that defendant served its further responses on the say day plaintiff filed his motion, the court nonetheless finds that but for the filing of the motion, defendant would not have provided further responses. To the point, at the hearing defendant's counsel stated that defendant does not feel any urgency in responding to discovery until there is a threat of a motion to compel. The Court finds this tactic to be dilatory and warrants the award of reasonable expenses to plaintiff. Plaintiff's counsel has submitted a declaration documenting reasonable expenses. See ECF No. 43.

Finally, plaintiff argues in his reply brief "the 'responses' that defendant produced after this motion was filed are still non-responses." ECF No. 39, pg. 4. The sufficiency of defendant's further responses served on January 17, 2020, is an issue not currently before the court because the instant motion challenges the initial responses, there has been no meet-and-confer process with respect to the further responses, and no joint statement setting forth the parties' respective positions regarding defendant's further responses has been filed. To the extent plaintiff believes defendant's further responses are insufficient, plaintiff may file a new motion to compel.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 29) is denied to the extent the Court will not at this time order that matters are deemed admitted;

2. Plaintiff's motion (ECF No. 29) is granted to the extent the Court will award reasonable expenses to plaintiff pursuant to Fed. R. Civ. P. 37(a)(5); and

3. Plaintiff is awarded $2,300.00 in reasonable expenses, payable by defendant within 30 days of the date of this order.

Dated: March 9, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE