# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARKLESS, | No. 2:18-CV-2903-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| PACIFIC POWER AND LIGHT, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court is plaintiff's motion to compel and for sanctions. See ECF No. 46. The parties appeared for a telephonic hearing before the undersigned in Redding, California. Cathleen Barr, Esq., appeared for plaintiff. Claire Weglarz, Esq., appeared for defendant. Following discussions with the parties, the matter was submitted.

## I. PLAINTIFF'S ALLEGATIONS

This action was initiated in the Siskiyou County Superior Court and removed to this court by defendant. See ECF No. 1 (notice of removal). Defendant invokes the court's diversity jurisdiction because plaintiff is a citizen of California, defendant is an Oregon corporation with its headquarters in Oregon, and the amount in controversy exceeds $75,000.00. See id. at 2-3; see also 28 U.S.C. § 1332(a).

Plaintiff alleges that he was hired by defendant in January 2005 as a lineman. See id. at 7 (Exhibit A to notice of removal, plaintiff's complaint filed in state court). Plaintiff states he was discharged in October 2014. See id. According to plaintiff, he was injured on the job on December 30, 2011, and was off work for a year, returning on December 20, 2012. See id. at 8. Plaintiff states that he returned to work "with some minor restrictions that required incidental accommodation." Id.

Next, plaintiff states:

> During the course of 2013 and 2014, Plaintiff became involved in a union grievance that was still ongoing at the time of his termination. The termination happened on October 23, 2014, without warning and not as a result of some incident. Plaintiff was simply informed that his employer was not willing to accommodate any job restrictions even though by that time Plaintiff could perform all parts of his duties except climbing polls [sic], something linemen are rarely called upon to do in this day and age.

Id.

Plaintiff states he filed a timely complaint with California's Department of Fair Employment and Housing (DFEH) on May 27, 2015, and that DFEH sent him a right-to-sue letter on July 19, 2016. See id.

Based on these allegations, plaintiff asserts the following legal claims:

| | | |
|---|---|---|
| Claim I | | Discrimination based on physical disability and failure to engage in the interactive process in violation of California Gov't Code § 12940(m). |
| Claim II | | Failure to reasonably accommodate in violation of California Gov't Code § 12940(m). |
| Claim III | | Disparate treatment based on physical disability in violation of California Gov't Code § 12940(a). |
| Claim IV | | Retaliation in violation of California Gov't Code § 12940(h). |
| Claim V | | Wrongful termination in violation of public policy. |

See id. at 8-15.

/ / /

/ / /

/ / /

/ / /

## II. PROCEDURAL HISTORY

On November 2, 2018, the Court issued an initial scheduling order upon commencement of the action. See ECF No. 2.  Relative to discovery, the scheduling order requires discovery to be completed within 240 days "from the date upon which the last answer may be filed with the Court. . . ."  Id. at pg. 2, lines 17-19.  The only named defendant – Pacific Power and Light – filed its answer on November 9, 2018.  See ECF No. 6.  Absent modification of the initial scheduling order, the 240-day period (roughly eight months) expired in July 2019.

On January 14, 2019, the parties filed a joint status report.  See ECF No. 12.  Plaintiff proposed a January 6, 2020, fact discovery completion date and a February 21, 2020, expert discovery completion date.  See id. at 5.  Defendant proposed November 15, 2019, and February 21, 2020, respectively, as dates for completion of fact and expert discovery.  See id.  The parties filed an amended joint status report on January 24, 2019.  See ECF No. 14.  The parties agreed to close fact discovery on November 15, 2019, and to close expert discovery on February 21, 2020.  See id. at 5-6.

The Court has not modified the initial November 2, 2018, scheduling order, which provides:

> The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Initial Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone to modify the Initial Pretrial Scheduling Order does not constitute good cause. . . .

ECF No. 2, g. 6.

In response to the joint status reports submitted in January 2019, the Court issued the following minute order:

> The Court is in receipt of the Joint Status Reports (ECF Nos. 12 and 14) filed pursuant to Fed. R. Civ. P. 26(a)(1)(B) and Local Rule 240(b).  The parties are hereby directed to review and comply with the Court initial Pretrial Scheduling Order (ECF No. 2).

ECF No. 18.

/ / /

/ / /

3

### III.  SUMMARY OF DISCOVERY DISPUTE

The parties did not file a joint statement regarding the current discovery dispute, as required by Local Rule 251.  The motion is presented to the Court on plaintiff's moving points and authorities and supporting declaration, see ECF No. 46, defendant's opposition and supporting declaration, see ECF No. 50, and plaintiff's reply, see ECF No. 53.

Regarding a joint statement, Local Rule 251(d) provides:

> If counsel for the moving party is unable, after a good faith effort, to security the cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement, counsel for the moving party may file and serve an affidavit so stating, setting forth the nature and extent of counsel's efforts to arrange the required conference or procure the required joint statement, the opposing counsel's responses or refusals to respond to those efforts, the issues to be determined at the hearing, and the moving party's contentions with regard to the issues, including any briefing in respect thereto.

Local Rule 251(d).
Plaintiff's counsel has not filed any declaration under Rule 251(d) in lieu of the required joint statement.  Citing paragraph 7 of her declaration, plaintiff's counsel states: "Plaintiffs sent defendants a joint statement of discovery in dispute which was never responded to."  ECF No. 46-1, pg. 7.  Paragraph 7 of counsel's declaration, however, does not reference any portion of a joint statement sent to defendant's counsel.

The precise nature of the discovery dispute is not clear.  In plaintiff's points and authorities, plaintiff states the current discovery dispute concerns the following: (1) Requests for Production, Set 1, Request Nos. 2, 11, 14, 15, and 17; (2) Requests for Production, Set 2, Request No. 18; and (3) Requests for Production, Set 3, Request No. 19.  See id. at 9-11.  In the caption of the briefs filed in support of plaintiff's motion, plaintiff references "Production of Documents, Sets 1, 3, 4, and 5."  See e.g. ECF No. 46-1, pg. 1.  According to plaintiff: "The full requests and responses are set forth in the Joint Statement."  Id. at 11.  As discussed above, however, no joint statement or declaration in lieu thereof has been filed.  Defendant's initial and amended responses to plaintiff's Requests for Production, Sets 1, 2, and 3, which reproduce the discovery requests, are attached to plaintiff's counsel's declaration as Exhibits A, B, C, and D.  See ECF No. 46-2.  Plaintiff does not attach Requests for Production, Sets 4 or 5, or defendant's responses thereto.

Plaintiff's points and authorities in support of the instant motion contain no arguments specific to any item of discovery in dispute.

## IV. DISCUSSION

Plaintiff's motion is defective for two reasons. First, it was filed beyond the 240-day period allowed to conduct discovery. Though plaintiff's counsel states the motion is timely because discovery has not closed, plaintiff points to no modification of the Court's initial scheduling order issued on November 2, 2018. Second, even if plaintiff's motion can be considered timely, plaintiff has failed to comply with Local Rule 251 in presenting the motion. Notably, the discovery in dispute has not been clearly identified and the Court has not been presented with any arguments for or against plaintiff's motion.

Notwithstanding these defects, and upon consideration of representations made by counsel at the hearing, the Court will direct that defendant provide plaintiff with another copy of any documents defendant says have previously been produced to plaintiff.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel and for sanctions is denied without prejudice as procedurally defective; and

2. On or before August 28, 2020, Defendants shall produce to plaintiff another copy of any document defendant says has previously been produced in response to plaintiff's requests for production, sets 1, 2, and 3.

Dated: August 27, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5