1
2
3
4
5
6
7

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARKLESS, | No. 2:18-CV-2903-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| PACIFIC POWER AND LIGHT, et al., | |
| Defendants. | |

Plaintiff, proceeding with retained counsel, brings this civil action. Before the Court is a motion for a protective order. ECF No. 63. There is also a pending motion to compel. ECF No. 67. The parties appeared telephonically before the undersigned United States Magistrate Judge in Redding, California. Cathleen Barr, Esq., appeared for Plaintiff. Claire C. Weglarz, Esq., appeared for Defendant. As discussed at the hearing, the Court denies both the motion to compel and the motion for a protective order.

///
///
///
///
///
///

## **SUMMARY**

Before the Court is a motion for a protective order, filed on January 19, 2021. ECF No. 63. There is also a pending motion to compel, filed on January 28, 2021. ECF No. 67. The motion for a protective order seeks to stay discovery and preclude Plaintiff's deposition of Margaret McCarthy, a former employee of Defendant. ECF No. 63 at 2. The motion to compel seeks to compel Defendant to produce Ms. McCarthy. ECF No. 67 at 2. By the time the Court heard the motions, however, discovery was closed. The motions were both set for hearing on February 10, 2021. ECF No. 69; see ECF No. 63 at 2. The motion to compel was initially noticed to be heard on March 2, 2021, but advanced on the Court's motion. E.g., ECF No. 67 at 1.

## **RELEVANT PROCEDURAL HISTORY**

Plaintiff has been trying to depose Ms. McCarthy since July 2019. See ECF No. 67-1 at 2. For various reasons—including general disagreement, vacation, extended maternity leave, COVID-delayed scheduling—Plaintiff has been unable to depose her. See id. at 2–3. Plaintiff contends that, after initial attempts to schedule Ms. McCarthy's deposition were delayed due to Defense Counsel's vacation, Ms. McCarthy left Defendant's employ and then Defendant declined to produce her. Id. at 2. Plaintiff rescheduled the deposition, but the County Sheriff did not serve Ms. McCarthy in time. Id. The deposition was then delayed due to COVID-19 safety concerns. Id. at 3. Plaintiff then could not locate Ms. McCarthy until at least June 2020. Id. In July 2020, however, Defendant allegedly advised Plaintiff that they now represented Ms. McCarthy and would accept deposition notice. Id. at 3. Plaintiff's counsel then went on maternity leave, of which Defense counsel was aware. Id. This ultimately brings the Court to December 2020, which partly explains why the motions for a protective order and to compel were not filed until late January 2021.

The parties disagree on deposing Ms. McCarthy. ECF Nos. 63-1 at 7–9; 67-1 at 2–3. Both parties have motions for summary judgment pending. ECF Nos. 23, 51. Defendant's motion for summary judgment was filed in November 2019 but was placed at issue before the District Judge in January 2020. ECF No. 63-1 at 8. Defendant's motion for a protective order seeks to stay discovery and preclude deposition of Ms. McCarthy until the District Judge rules on its motion for summary judgment. See ECF No. 63-1 at 2.

Under the original scheduling order, discovery was to have closed 240 days from the "last answer," which would have been in July 2019. See ECF Nos. 2, 6. The parties, however, filed a joint stipulation on June 11, 2020, disposing of a counterclaim that Defendant filed against Plaintiff. See ECF No. 49 at 2. The stipulation states that the date that the Court signs the stipulation would serve as the date upon which the last answer was filed for the purposes of the 240-day discovery period. Id.

The District Judge signed the stipulation on June 12, 2020. Id. at 3. Discovery accordingly closed on February 7, 2021, which was a Sunday.[1] See id.; ECF No. 65-1, Barr. Decl., at 2. The Defendant and Plaintiff respectively state that discovery closed on February 5 or 6, 2021. See ECF Nos. 63-1 at 9; 65 at 2.

**MOOTNESS AND TIMELINESS ISSUES**

The original dates that the motions were noticed to be heard—February 10, 2021, and March 2, 2021—extend beyond the discovery cutoff. Discovery would have—and now has—closed prior to the motions being at issue before the Court. Discovery, in other words, would have closed by the time the Court ruled on the motions. Neither party has filed a motion with the District Judge to extend discovery beyond the period effected by the joint stipulation, so the discovery deadline remains. Discovery is thus closed.

The Court understands that some delays are inevitable. Certainly, the Court does not fault or admonish counsel for taking the time required for maternity leave and to attend to her child. The Court also does not fault either counsel for delays due to COVID-19. Due, however, to the protracted nature of this discovery dispute and the ease with which it could have been resolved without Court intervention *prior to* the discovery deadline, the Court denies both pending motions. Counsel could have resolved this dispute on their own. Denial of the motions is without prejudice. Should the District Judge see fit to extend the discovery deadline, this Court will take up any renewed motions as appropriate.

///

///

---

[1] Presumably, Rule 6 would extend this to Monday, February 8, 2021. Fed. R. Civ. P. 6(a)(1)(c).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for a protective order (ECF No. 63) is **DENIED** without prejudice to renewal should the District Court reopen discovery; and

2. Plaintiff's motion to compel (ECF No. 67) is **DENIED** without prejudice to renewal should the District Court reopen discovery.

Dated: February 17, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE