UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARKLESS, | No. 2:18-cv-02903-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| PACIFIC POWER AND LIGHT, | |
| Defendant. | |

This matter is before the Court on Plaintiff James Harkless's ("Plaintiff") Motion to Amend the Complaint (ECF No. 19), Motion for Summary Judgment (ECF No. 51), and Motion to Modify the Pretrial Scheduling Order (ECF No. 72). Also before the Court is Defendant PacifiCorp's[1] ("Defendant") Motion for Summary Judgment (ECF No. 23) and Motion for Sanctions (ECF No. 27). All the pending motions have been fully briefed.

After carefully considering the parties' briefing and for the reasons set forth below, the Court GRANTS Plaintiff's Motion to Amend (ECF No. 19), DENIES the Motions for Summary Judgment (ECF Nos. 23, 51) and Motion to Modify the Scheduling Order (ECF No. 72) as moot, and DENIES Defendant's Motion for Sanctions (ECF No. 27).

---

[1] Defendant was erroneously sued as "Pacific Power and Light." The Court recognizes these errors on the docket and directs the Clerk of the Court to make all corrections to the docket as necessary.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked for Defendant as an electric utility lineman starting in January 2005. (ECF No. 1 at 7.) Plaintiff was injured in a work-related accident on December 30, 2011, and he did not return to work until December 20, 2012. (*Id.* at 8.) Plaintiff resumed his duties thereafter with some minor restrictions that required incidental accommodation. (*Id.*) During the course of 2013 and 2014, Plaintiff became involved in a union grievance that was still ongoing at the time of his termination. (*Id.*) Plaintiff alleges Defendant terminated him on October 23, 2014. (*Id.*) Plaintiff further alleges he was informed that Defendant was not willing to accommodate any job restrictions even though by that time Plaintiff could perform all parts of his duties except climbing poles. (*Id.*)

Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") on May 27, 2015. (*Id.*) DFEH sent Plaintiff a Right-to-Sue letter on July 19, 2016. (*Id.*) Plaintiff filed the instant action in Siskiyou County Superior Court on July 18, 2017. (*Id.* at 6.) Plaintiff asserts five claims: (1) discrimination based on physical disability and failure to engage in the interactive process in violation of California Government Code § 12940(n); (2) failure to reasonably accommodate in violation of California Government Code §12940(m); (3) disparate treatment based on physical disability in violation of California Government Code § 12940(a); (4) retaliation in violation of California Government Code § 12940(h); and (5) wrongful termination in violation of public policy. (*Id.* at 8–15.) Defendant removed the action to this Court based on diversity jurisdiction on November 1, 2018. (*Id.* at 1.)

Several motions are currently pending before the Court. Plaintiff filed a motion to amend on October 2, 2019 (ECF No. 19), a motion for summary judgment on June 24, 2020 (ECF No. 51), and a motion to modify the pretrial scheduling order on March 10, 2021 (ECF No. 72). Defendant filed a motion for summary judgment on November 21, 2019 (ECF No. 23) and a motion for sanctions on December 27, 2019 (ECF No. 27). As will be discussed below, the Court intends to grant Plaintiff's motion to amend. As such, the Court need not and does not address the merits of the parties' summary judgment motions or Plaintiff's motion to modify the scheduling order, which are rendered moot. *See Landis v. North Am. Co.*, 299 U.S. 248, 254

(1936) (stating that a court has inherent power to control the disposition of the cases on its docket for the sake of judicial economy). The Court will, however, address Defendant's motion for sanctions following a discussion of Plaintiff's motion to amend.

## II. ANALYSIS

### A. Motion to Amend

#### i. Standard of Law

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Under Federal Rule of Civil Procedure ("Rule") 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

#### ii. Analysis

Plaintiff seeks leave to amend based on discovery responses provided on September 20, 2019, which indicated that Defendant still considers Plaintiff to be its current employee. (ECF No. 19-1 at 8.) Based on this information, Plaintiff seeks to add a sixth claim for constructive termination. (*Id.*)

In opposition, Defendant argues Plaintiff knew all the facts he seeks to add at the time he filed the Complaint, Plaintiff's constructive termination claim is futile, and amendment will cause undue prejudice. (ECF No. 20 at 5–10.) Defendant's arguments implicate only three of the Rule 15 factors: (1) undue delay; (2) futility; and (3) prejudice.[2]

---

[2] Because the Court issued a scheduling order, Plaintiff arguably must satisfy Rule 16's good cause standard before the Court considers the Rule 15 factors. (ECF No. 2 at 2); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Curiously, neither party raises any arguments regarding Rule 16. However, as will be discussed on the issue of undue delay, it appears Plaintiff moved to amend shortly after learning the information that forms the basis for his constructive termination claim. The Court therefore concludes Plaintiff was reasonably

3

*a. Undue Delay*

In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)). However, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

In arguing Plaintiff knew the facts he seeks to add long before moving to amend, Defendant highlights only paragraphs 5 and 10 of the proposed First Amended Complaint ("FAC"). (ECF No. 20 at 5.) Paragraph 5 of the Complaint alleges "[Plaintiff] was discharged on October 23, 2014," while the same paragraph in the FAC alleges "[Plaintiff] was told that the company could no longer accommodate him and orally discharged him on or around October 23, 2014, with his last day of work on October 31, 2014." (*Compare* ECF No. 1 at 7 *with* ECF No. 19-2 at 8.) Paragraph 10 of the FAC also adds that on October 15, 2014, Plaintiff continued to work despite being given various work restrictions (such as restrictions on repetitive bending and prolonged sitting, standing, and walking). (ECF No. 19-2 at 9.) In contrast, the original Complaint does not include this list of physical limitations. (*See* ECF No. 1 at 8.) Defendant argues Plaintiff knew all these facts at the time he filed the Complaint because the information was previously disclosed during Plaintiff's related personal injury case in state court and also before the Worker's Compensation Board. (ECF No. 20 at 5.)

Plaintiff emphasizes Defendant does not refute that he did not receive information regarding his employee status until September 2019, which is the basis for Plaintiff's constructive termination claim. (ECF No. 21 at 5.) The Court agrees. While Plaintiff may have known some of the background information in paragraphs 5 and 10 as early as 2014, Defendant has not shown Plaintiff had reason to know prior to September 2019 that Defendant still considers him to be an employee — the crucial fact that prompted Plaintiff to add a constructive termination claim.

---

diligent in seeking leave to amend such that he satisfies Rule 16.

4

1  Accordingly, this factor weighs in favor of granting leave to amend.

2  *b. Futility*

3  The Ninth Circuit has held that when an amendment is futile, "there [is] no need to
4  prolong litigation by permitting further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d
5  1027, 1039 (9th Cir. 2002). A proposed amendment is futile where "the pleading could not
6  possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th
7  Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

8  Defendant argues Plaintiff's constructive termination claim is futile for two reasons: (1)
9  Plaintiff failed to exhaust administrative remedies; and (2) Plaintiff fails to state a claim. (ECF
10 No. 20 at 8–10.) The Court will address Defendant's arguments in turn.

11 First, as to Defendant's exhaustion argument, Defendant argues Plaintiff "never
12 mentioned anything regarding constructive discharge when filing his original Fair Employment
13 and Housing Act ("FEHA") complaint." (ECF No. 20 at 9.) "In order to bring a civil action
14 under FEHA, the aggrieved person must exhaust the administrative remedies provided by law."
15 *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001) (quoting *Yurick v. Superior*
16 *Court*, 209 Cal. App. 3d 1116, 1121 (1989)). "Exhaustion in this context requires filing a written
17 charge with DFEH within one year of the alleged unlawful employment discrimination, and
18 obtaining notice from DFEH of the right to sue." *Id.* "Allegations in the civil complaint that fall
19 outside of the scope of the administrative charge are barred for failure to exhaust." *Id.* at 897.
20 Generally, allegations in a civil complaint are within the scope of an administrative charge if they
21 are "like or reasonably related to the allegations made in the charge of discrimination." *Couveau*
22 *v. Am. Airlines, Inc.*, 218 F.3d 1078, 1082 (9th Cir. 2000) (per curiam) (citation and internal
23 quotation marks omitted). "This standard is met where the allegations in the civil suit are within
24 the scope of the administrative investigation which can reasonably be expected to grow out of the
25 charge of discrimination." *Rodriguez*, 265 F.3d at 897 (citation and quotation marks omitted).
26 Courts construe these administrative exhaustion requirements liberally so as to accomplish
27 FEHA's purposes, which include eliminating discrimination in employment. *Id.* at 896.

28 Based on this liberal standard, the Court cannot say at this early stage that it is impossible

for Plaintiff to allege he exhausted his constructive termination claim.  Plaintiff persuasively argues his constructive termination claim is "like or reasonably related" to the allegations in his FEHA complaint.  (ECF No. 21 at 9–10.)  The FEHA complaint, like the constructive termination claim, alleges Defendant took adverse employment actions against Plaintiff based on physical disabilities that resulted from the same workplace accident and Plaintiff's subsequent union grievance.  (ECF No. 1 at 18–19; ECF No. 19-2 at 17.)  Even though Plaintiff did not explicitly mention "constructive termination" in his FEHA complaint, he *does* allege therein that he was terminated and placed on disability.  (ECF No. 1 at 18–19.)  Whether or not Defendant was "actually" or "constructively" terminated was likely to be uncovered in the course of the administrative investigation.  *See Rodriguez*, 265 F.3d at 897.

Second, as to Defendant's failure to state a claim argument, Defendant argues Plaintiff's constructive termination claim fails to state a claim because Plaintiff pleads no facts regarding his resignation.  (ECF No. 20 at 10.)  Plaintiff does not respond to this argument in his reply.

To claim constructive termination, an employee must allege that conditions in their former employment were so intolerable or egregious that a reasonable employee would have no choice but to resign.  *Turner v. Anheuser–Busch, Inc.*, 7 Cal. 4th 1238, 1244 (1994).  The conditions of employment must be such that a reasonable employee would feel resignation was the only option, not simply one rational option of several for dealing with the conditions.  *Vasquez v. Franklin Mgmt. Real Estate Fund, Inc.*, 222 Cal. App. 4th 819, 827 (2013).

Plaintiff alleges Defendant "continues to identify Plaintiff as an employee, but . . . refuses to permit him to return to work in the capacity or capacities for which he is qualified and capable of performing."  (ECF No. 19-2 at 4.)  Plaintiff further alleges he "was told that the company could no longer accommodate him and orally discharged him on or around October 23, 2014, with his last day of work on October 31, 2014."  (*Id.*)  Plaintiff does not cite, nor can the Court locate, any allegation about Plaintiff's resignation in the proposed FAC.  Although Plaintiff fails to address this apparent deficiency, the Court cannot say that "the pleading could not possibly be cured by the allegation of other facts."  *Watison*, 668 F.3d at 1117.

Therefore, this factor weighs in favor of granting leave to amend.

*c. Prejudice*

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-cv-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citation omitted). Courts have found proposed amendments to be prejudicial when leave to amend is requested as a relevant discovery deadline nears or has already passed. *See*, *e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendant argues Plaintiff's motion "comes on the eve" of Defendant filing dispositive motions. (ECF No. 20 at 10.) Defendant further argues "this is Plaintiff's attempt to add mere speculation and argument to the pleading aimed at delaying [Defendant's] Rule 56 and Rule 11 [m]otions." (*Id.* at 10–11.) At the time Plaintiff filed the motion to amend, there were no pending dispositive motions. Since that time, both parties filed motions for summary judgment. (*See* ECF Nos. 23, 51.) Other than the time and resources spent preparing its motion for summary judgment, however, Defendant has not persuaded the Court that it would suffer such prejudice to warrant denying leave to amend. The Court will order the parties to file a joint status report recommending dates and deadlines moving forward. Plaintiff has not requested to reopen discovery, but if necessary, the Court could order limited discovery on the narrow issue of constructive termination. Further, Defendant has not shown it is unable to respond to Plaintiff's constructive termination claim in a renewed motion for summary judgment. Accordingly, the prejudice to Defendant, if any, is minimal.

In sum, the Court finds all the Rule 15 factors weigh in favor of granting leave to amend because: (1) Plaintiff has not previously amended his Complaint; (2) there is no evidence Plaintiff acted in bad faith; (3) there is no undue delay; (4) the proposed amendment is not futile; and (5) such an amendment will not unduly prejudice Defendant. As such, the Court GRANTS Plaintiff's motion to amend. (ECF No. 19.)

B.      Motion for Sanctions

    *i.* *Standard of Law*

Rule 11 states in relevant part:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P 11(b)(3). A court may impose sanctions for factual misrepresentations that violate Rule 11(b). *See* Fed. R. Civ. P. 11(c). However, the Ninth Circuit has warned that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

    *ii.* *Analysis*

Defendant requests the Court sanctionPlaintiff and his attorneys because the Complaint is based on material falsehoods. (ECF No. 27 at 7.) More specifically, Defendant argues the Complaint directly contradicts Plaintiff's sworn testimony from his related personal injury case in state court. (*Id.*) Defendant argues the Complaint's allegation that Defendant discharged Plaintiff in retaliation for his union grievance on October 23, 2014, contradicts Plaintiff's state court deposition testimony indicating he was still working but requesting a disability rating from his doctor based on his physical limitations and pain as of October 29, 2014. (*Id.*) Defendant further argues there are discrepancies regarding the extent of Plaintiff's physical limitations. (*Id.* at 9–10.) According to Defendant, Plaintiff applied for and was placed on short-term disability based on his doctor's work restrictions, not because of the union grievance. (*Id.* at 7–8.) Based on these alleged misrepresentations, Defendant requests the Court to (1) dismiss the Complaint; (2) order Plaintiff to pay Defendant's attorney's fees and expenses in bringing this motion and litigating the case; and (3) impose any other sanctions the Court deems appropriate for deterrence purposes. (ECF No. 27 at 8.)

8

In opposition, Plaintiff argues his October 29 deposition testimony was taken while he was in the process of being forced onto short-term disability and he "did not have a full understanding of what was going on" at the time. (ECF No. 31 at 6.) Plaintiff then cites a timeline of events that arguably supports his claims. (*Id.* at 6–8.)

Because the Court has granted Plaintiff leave to amend the Complaint, Defendant's request to dismiss the Complaint is moot. As to Defendant's request for attorney's fees or other sanctions, the Court declines to impose the "extraordinary remedy" of Rule 11 sanctions based on what are essentially factual disputes. *Operating Engineers*, 859 F.2d at 1345. The Court agrees there are some inconsistencies in Plaintiff's allegations, but Defendants have not persuaded the Court that sanctions are warranted at this time. The Court also declines Plaintiff's request for expenses related to defending Defendant's motion. (*See* ECF No. 31 at 24–25.)

Therefore, the Court DENIES Defendant's motion for sanctions. (ECF No. 27.)

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend the Complaint (ECF No. 19). Plaintiff is ordered to file his amended complaint no later than thirty (30) days from the electronic filing date of this Order. Defendant shall file a responsive pleading no later than twenty-one (21) days from the filing date of the amended complaint. In addition, the Court DENIES Defendant's Motion for Summary Judgment (ECF No. 23), Plaintiff's Motion for Summary Judgment (ECF No. 51), and Plaintiff's Motion to Modify the Pretrial Scheduling Order (ECF No. 72) as moot. The Court also DENIES Defendant's Motion for Sanctions. (ECF No. 27.) The parties shall file a Joint Status Report no later than sixty (60) days from the electronic filing date of this Order, proposing dates and deadlines moving forward.

IT IS SO ORDERED.

Dated: August 26, 2021

Troy L. Nunley
United States District Judge